■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES KLOSE, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant. — Judgment unanimously reversed and petition dismissed. Memorandum: This is an appeal from a judgment directing the Division of Parole to provide relator with a proper written parole revocation decision and to afford him a new parole release hearing as soon as possible. On appeal, relator does not dispute appellant's argument that the written revocation notice, which he received was sufficient; in any event, we find it to be so. With respect to the direction that relator be afforded a new parole release hearing, the pertinent facts are as follows: Relator was sentenced on December 6, 1979 to two and one-half to five years for criminal possession of a forged instrument, second degree. He was released to parole supervision on October 26, 1978. On August 7, 1978 he was taken into custody and charged with six violations of parole. At a final parole revocation hearing on October 12, 1979 in which relator admitted all six violations, the presiding officer, Commissioner Kirkland, a Parole Board member, sustained the charges and directed reincarceration pursuant to section 259-i (subd 3, par [f], cl [x]) of the Executive Law. Relator received the written statement of evidence relied on and reasons for revocation (Executive Law, § 259-i, subd 3, par [f], cl [xi]), dated November 9, 1979, on March 5, 1980. Prior thereto, relator appeared before the Parole Board on December 6, 1979 at which time parole release was denied. Relator contends that he was prejudiced at his parole release hearing because he did not have copies of the revocation decision and the minutes of the revocation hearing. Neither the Executive Law nor the applicable rules and regulations (9 NYCRR 8005.20) require that the board

provide a prisoner with a written parole revocation decision at the time of a subsequent parole release hearing. Nor can relator have been harmed by its failure to do so; he knew that his parole was revoked and that the revocation was based on the six violations which he had admitted. We also reject relator's argument that he was prejudiced at the parole release hearing because he did not have in hand and the board did not have before it the transcript of the revocation hearing at which evidence was introduced of mitigating factors he claims were not presented to the board in the release hearing. At the release hearing he had the opportunity to present whatever evidence he wished. In fact, he did introduce substantial mitigating testimony. Although his wife and father-in-law appeared at the revocation hearing and not at the release hearing, the transcript of their testimony would have added nothing of significance by way of mitigation that relator himself did not state. In any event, Commissioner Kirkland, who presided at the revocation hearing, was a member of the board considering relator's parole release application. Thus, his notes and recollections were available to the board. For these reasons, the judgment is reversed and the petition dismissed. (Appeal from judgment of Wyoming Supreme Court — art 78.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.